UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE L. WIGGINS, # 561334,

        Petitioner,

                                      Civil Case No. 12-CV-11893

v.

                                        HON. MARK A. GOLDSMITH

SHERRY BURT,

        Respondent.

_____/

## OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS (Dkt. 13), ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 5, 2013 (Dkt. 12), DENYING PETITIONER'S HABEAS PETITION (Dkt. 1), and DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

Petitioner Tyrone Wiggins, a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his Wayne County Circuit Court conviction and sentence for (i) assault with intent to commit murder, in violation of Mich. Comp. Laws § 750.83, (ii) assault with intent to commit great bodily harm, in violation of Mich. Comp. Laws § 750.84, (iii) felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f, and (iv) felony firearm, in violation of Mich. Comp. Laws § 750.227b.[1]  Pet. (Dkt. 1).

More specifically, Petitioner's

        convictions stem from his assaults on [two brothers —] Samuel and Malcolm Tarver.  [Petitioner] was dating the victims' sister, Kessa Tarver. Samuel and Malcolm drove to [Petitioner's] home, and [Petitioner] met

_____

[1] In his habeas petition, Petitioner alleges four grounds for relief: (i) ineffective assistance of appellate counsel, (ii) ineffective assistance of trial counsel, (iii) denial of due process and a fair trial due to "the trial court's erroneous evidentiary rulings, improper comments, and limiting cross-examination," and (iv) prosecutorial misconduct.  Pet. at 8-14 (Dkt. 1).

> Malcolm in the middle of the walkway. According to Malcolm, [Petitioner] "just snapped" and began to hit him with a gun. The gun discharged at least once as [Petitioner] hit Malcolm. Samuel left the truck and moved toward [Petitioner] and Malcolm. [Petitioner] pointed the gun at Samuel, who started running away. Malcolm followed Samuel. As the two ran, [Petitioner] shot repeatedly at Samuel, striking him twice in the leg.

People v. Wiggins, No. 283158, 2009 WL 609413, at *1 (Mich. Ct. App. Mar. 10, 2009).

Respondent filed a response to the petition (Dkt. 6), and Magistrate Judge Paul J. Komives issued a Report and Recommendation (R&R) on September 5, 2013. R&R (Dkt. 12). The factual and procedural background of this case, along with the standard of review and legal principles governing writs of habeas corpus made under 28 U.S.C. § 2254, have been adequately set forth by the Magistrate Judge in his R&R and need not be repeated here. The R&R recommends denying Petitioner's habeas petition and denying the issuance of a certificate of appealability. Petitioner filed objections to the Magistrate Judge's recommendations (Dkt. 13). The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3). For the reasons that follow, the Court will accept the recommendations in the R&R, overrule Petitioner's objections, deny Petitioner's habeas petition, and decline to issue a certificate of appealability.

## II. ANALYSIS

Petitioner advances four objections to the R&R. Because Petitioner's third objection regarding prosecutorial misconduct impacts his first and second objections concerning ineffective assistance of counsel, the Court addresses the prosecutorial misconduct objection first. The Court then jointly addresses Petitioner's first and second objections raising ineffective assistance of counsel claims. Lastly, the Court considers Petitioner's fourth objection about the certificate of appealability.

### A. Prosecutorial Misconduct

In Petitioner' third objection, Petitioner argues that he was deprived of a fair trial because of the prosecution's comments regarding the pre-trial death of Samuel Tarver. Pet'r Objs. at 4-6. Petitioner asserts that the R&R reached an "unreasonable" conclusion in finding that the references to Tarver's death were not only permissible, but necessary. Id. at 5. Upon de novo review, the Court rejects this argument.

As the Magistrate Judge recognized, see R&R at 22, for habeas relief to be granted on a claim of prosecutorial misconduct, the prosecutor's misconduct must have "infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Even though nearly thirty years old, Darden is the "clearly established Federal law relevant" to habeas claims of prosecutorial misconduct. Parker v. Matthews, 132 S. Ct. 2148, 2153 (2012) (quotation marks omitted). Reviewing courts must examine "the fairness of the trial, not the culpability of the prosecutor." Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997) (quotation marks omitted). Factors courts must consider are (i) the "degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused," (ii) whether the remarks were isolated or extensive, (iii) whether the remarks "were deliberately or accidentally placed before the jury, and (iv) "the strength of the competent proof to establish the guilt of the accused." Id. "In order to constitute the denial of a fair trial, prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant." Id. (quotation marks and internal citations omitted).

Here, Petitioner takes issue with four instances where the prosecutor remarked about the death of Samuel Tarver, which was unrelated to Petitioner's assault charges . First, Petitioner directs the Court to the following remarks in the prosecutor's opening statement:

> On August 24th of this year, 2007, you will hear testimony that Mr. Samuel Tarver appeared at 36th District Court across the street and he testified and told the magistrate there what had happened to him and the

case was bound over for trial.  15 days later he was murdered.  So you are not going to hear from him.  You will only hear from the transcript.

10/31/07 Tr. at 135 (Dkt. 7-3).

Second, Petitioner references the direct examination of Malcolm Tarver, Samuel Tarver's brother, by the prosecutor, which included the following exchange:

> Q. And your brother is now is deceased?
> A. Yes.
> Q. How long after your brother testified at the preliminary examination was he killed?
> A. About two or three weeks if not before that.
> Q. September 9th, does that sound right.
> A. Yes.
> Q. What year?
> A. 2007.

11/1/07 Tr. at 26 (Dkt. 7-4).

Third, Petitioner refers the Court to the following exchange between the prosecutor and Inell Tarver, Samuel and Malcolm's mother, on direct examination:

> Q. Ms. Tarver, you're the mom, the mother of Malcolm and Samuel Tarver?
> A. Yes.
> Q. I'm sorry about the loss of your son.

11/2/07 Tr. at 100 (Dkt. 7-5).

Lastly, Petitioner cites the following comments by the prosecutor on rebuttal argument: "Why would [Kessa], sell her own family?  I don't know but she did with [Petitioner] because he's still alive and her brother's dead and she told you on the stand, she don't care about her brother no more, he's dead."[2] Id. at 137.

Upon review of the record, the prosecutor's remarks did not render Petitioner's trial fundamentally unfair.  In weighing the above-mentioned Pritchett factors, the Court finds that, on balance, they do not tip in Petitioner's favor.  Although the remarks were deliberate and not accidental, the remarks were relatively isolated, occurring over Petitioner's four-day

---

[2] Apparently, the prosecutor misspoke, mistaking Kessa Tarver, Petitioner's girlfriend, for Tiana Wiggins, Petitioner's daughter.  Kessa Tarver was the sister of Malcolm and Samuel Tarver.  11/2/07 Tr. at 42-43 (Dkt. 7-5).

trial and comprising approximately four pages of testimony amidst hundreds of pages of testimony.  Pritchett, 117 F.3d at 964.  Additionally, the remarks did not mislead the jury because these specific remarks did not connect Petitioner to Samuel Tarver's death.  Lastly, the competent proof for Petitioner's conviction was sound.  As more fully addressed below in the context of Petitioner's claim for ineffective assistance of appellate counsel, there was sufficient evidence to support the Petitioner's conviction, particularly the preliminary examination testimony of Samuel Tarver, who testified that Petitioner assaulted him, 8/24/07 Prelim. Tr. at 9-16 (Dkt. 7-2), and the trial testimony of Malcolm Tarver, who witnessed Petitioner point a gun at his brother.  11/1/07 Tr. at 11-22.

Accordingly, the Court overrules Petitioner's third objection.

**B.  Claims of Ineffective Assistance of Counsel**

In Petitioner's first and second objections, Petitioner argues that his trial and appellate counsel rendered ineffective assistance.  Claims for ineffective assistance are governed by the test articulated by Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish ineffective assistance of trial counsel, a petitioner must show that: (i) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (ii) counsel's deficient performance prejudiced the defense.  Id. at 687.  "[T]here is no reason" for the Court to "address both components of the inquiry if the [petitioner] makes an insufficient showing on one.  Id. at 697.  In the appellate context, a petitioner must establish the elements of his ineffective assistance of counsel claim and demonstrate a reasonable probability that his claims would have succeeded on appeal.  Smith v. Robbins, 528 U.S. 259, 285 (2000) (stating that a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal").

**1.  Alleged Ineffective Assistance of Trial Counsel**

In his second objection, Petitioner argues that his trial counsel was deficient "by failing to object when the prosecutor improperly mention [sic] the pre-trial death of Samuel Tarver." Id. at 3. Petitioner argues that his counsel should have objected so as to prevent the introduction of this "irrelevant and prejudicial evidence." Id. This argument lacks merit.

Citing the four instances of the prosecutor's remarks quoted above, Petitioner takes the position that references to Samuel Tarver's murder were irrelevant, but the prosecutor, nevertheless, made the comments so that the jury would "draw reasonable inferences" that somehow Petitioner was connected to Samuel Tarver's death. Id. at 4. The Court rejects this argument because if the prosecutor's conduct did not deprive Petitioner of a fair trial, Petitioner cannot demonstrate prejudice from his trial counsel's failure to object to the remarks. Norris v. Preselnik, No. 12-14915, 2014 WL 943096, at *14 (E.D. Mich. Mar. 11, 2014) (reasoning that if "any comments that were improper were not sufficiently prejudicial to deprive petitioner of a fair trial," then petitioner could not demonstrate prejudice for "counsel's failure to object to the comments"); White v. Withrow, No. 00-CV-74321, 2001 WL 902624, at *12 (E.D. Mich. June 22, 2001) (concluding that, because "the prosecutor's remarks in closing argument did not prejudice petitioner so as to deprive him of a fair trial, petitioner's claim that counsel rendered ineffective assistance of counsel by failing to object to the prosecutor's remarks must also be rejected").

Accordingly, the Court overrules Petitioner's objection concerning his claim for ineffective assistance of trial counsel.

### 2. Alleged Ineffective Assistance of Appellate Counsel

Petitioner's first objection claims that his appellate counsel failed to challenge the sufficiency of evidence with respect to "the assault with intent to murder" and failed to raise a claim "challenging trial counsel's assistance." Pet'r Objs. at 1. Petitioner insists that the R&R incorrectly concluded that Petitioner cannot show that the evidence was insufficient to

sustain his guilt because the evidence was insufficient to establish the intent-to-kill element and shows only that Petitioner had the intent "to cause great bodily harm." Id. at 2-3. Petitioner's claim is devoid of merit.

"It is well-settled that the Due Process Clause of the Fourteenth Amendment protects the defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Allen v. Redman, 858 F.2d 1194, 1196 (6th Cir. 1988) (quotation marks omitted). When a habeas petitioner challenges the sufficiency of the evidence, courts "examine the evidence in the light most favorable to the government and draw all inferences in the government's favor in order to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." United States v. Torres-Ramos, 536 F.3d 542, 556 (6th Cir. 2008).

With respect to the charge relevant here, assault with intent to commit murder, Michigan law requires proof of three elements: (i) an assault, (ii) with an actual intent to kill, (iii) which if successful would make the kill murder. Warren v. Smith, 161 F.3d 358, 361 (6th Cir. 1998). "The intent to kill may be proven by inference from any facts in evidence." People v. Hoffman, 570 N.W.2d 146, 150 (Mich. Ct. App. 1997).

Here, as the R&R recounted, Samuel Tarver testified at the preliminary examination that Petitioner pointed a gun at him, and when he turned, Petitioner shot him. Prelim. Tr. at 13-16 (Dkt. 7-2). Also, Malcolm Tarver testified that he witnessed Petitioner point a gun at his brother. 11/1/07 Tr. at 14. Viewing the evidence in a light most favorable to the government, the Court holds that there was sufficient evidence to satisfy the intent to kill element by a rational trier of fact. Torres-Ramos, 536 F.3d at 556; see also Coleman v. Johnson, 132 S.Ct. 2060, 2064 (2012) (concluding that a jury's finding of guilt, including the

7

intent-to-kill element in a murder case, was not "so insupportable as to fall below the threshold of bare rationality").

Furthermore, as the Court concludes that Petitioner's claim of ineffective assistance of trial counsel lacks merit, Petitioner's appellate counsel cannot be faulted for raising a claim of ineffective assistance on appeal.  Smith, 528 U.S. at 285-286.

Accordingly, the Court overrules Petitioner's objection concerning his claim for ineffective assistance of appellate counsel.

### C.  Certificate of Appealability

In Petitioner's fourth objection, Petitioner argues that the R&R erred by finding that the resolution of Petitioner's claim is not reasonably debatable warranting the denial of a certificate of appealability.  Pet'r Objs. at 7-8.  Upon de novo review, the Court rejects Petitioner's argument.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  If a district court rejects constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the R&R reasoned that the lack of evidence made the resolution of Petitioner's claims "not reasonably debatable."  R&R at 36-37.  The R&R specifically stated that the record failed to disclose any evidence that (i) Petitioner's ineffective assistance claims have merit or that (ii) the prosecutor engaged in misconduct.  Having considered the matter on de novo review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and a certificate of appealability is not warranted.

Accordingly, the Court overrules Petitioner's fourth objection.

## III.  CONCLUSION

For the reasons explained above, the Court overrules Petitioner's objections (Dkt. 13), accepts the recommendation in the R&R (Dkt. 12), and denies Petitioner's habeas petition (Dkt. 1).  In doing so, the Court declines to issue a certificate of appealability.

SO ORDERED.

Dated:  April 11, 2014                                    s/Mark A. Goldsmith_____
       Flint, Michigan                                   MARK A. GOLDSMITH
                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2014.

                                            s/Deborah J. Goltz_____
                                            DEBORAH J. GOLTZ
                                            Case Manager